STATE *ex rel.* FEE & LIDDON COMPANY v. CITY OF FORT PIERCE, *et al.*

192 So 459
Opinion Filed December 1, 1939
Rehearing Denied January 3, 1940

*Liddon & Fee* and *G. R. Nottingham,* for Plaintiff in Error;

*E O. Denison, Waller & Meginniss, C. L. Waller* and *B. A. Meginniss,* for Defendants in Error.

CHAPMAN, J.—The relator filed a petition in the Circuit Court of St. Lucie County, Florida, against the City of Fort Pierce praying for an alternative writ of mandamus, when the alternative writ issued and was served on the respondents. The alternative writ alleged that the respondent on July 1, 1924, for the purpose of obtaining money or funds with which to acquire and construct a public utility or waterworks, and for other purposes, issued and sold 500 bonds in the sum of $1,000.00 each, and the bonds were recognized as utility bonds by the respondent when it paid both principal and interest thereon from 1924 until 1929 from funds derived from the operation of the water and light departments of the respondent; that 125 of said bonds were issued by the respondent for the construction of a public utility and that the relator was the owner and holder of eight of said bonds and seven coupons attached.

It was made to appear that the respondent, over a period of ten years previous to filing suit, had averaged a profit from the operation of its utilities in the sum of $80,000.00 annually and then had sufficient money to the credit of the account from which similar bonds and coupons had been paid and was profits earned by the utilities of the respondent.

The respondent filed a motion to quash the alternative writ of mandamus on the grounds, viz.: (a) that the respondent had no legal duty to comply with the terms of the alternative writ; (b) that the relator had no lien on the funds sought to be reached by the writ as shown by the pleadings; (c) the pleadings show that the bonds owned by the relator are general obligations of the respondent and

are not payable from the profits of the operating funds of the utilities of the respondent.

The lower court sustained the motion, *supra*, to quash the alternative writ and entered a judgment for the respondent, when a writ of error was taken and appeal perfected, and the case is here for review.

Section 69 of Chapter 9761, Special Acts of 1923, Laws of Florida, being the charter of the City of Fort Pierce in 1924, provided:

"All profits from the operation of the light and water department and any other public utility of the city shall be turned over annually to the City Commission as Trustee of the Sinking Fund and shall be used only for payment of principal and interest of the city bonds which have been sold for the purpose of acquirement or construction of said public utilities."

Ordinance Number A-27, adopted by the City of Fort Pierce on April 21, 1924, provides:

"An Ordinance Providing for the Issuance of Bonds of the City of Fort Pierce, Florida, for the Purpose of Constructing, Maintaining or Purchasing Water Works for the Purpose of Constructing, Maintaining or Purchasing a System of Sewerage; for the Purpose of Grading, Paving, Curbing and Draining the Streets and Avenues in said City; for the Purpose of Opening, Constructing, Improving and Maintaining Public Parks and Promenades; and for the Purpose of Erecting Public Buildings for the use of said City, in Accordance with the Provisions of Chapter 9761 of the Laws of the State of Florida.

"Be It Enacted by the People of the City of Fort Pierce:

"Sec. 1. Bonds of the City of Fort Pierce, Florida, shall be issued in the sum of Five Hundred Thousand ($500,-

000.00) Dollars for the following purposes, to-wit: For the purchase of constructing, maintaining or purchasing water works, $125,000.00 * * *."

The alternative writ recites that the bonds of the relator were issued and sold for the purpose of obtaining money for constructing, maintaining or purchasing water works and that other bonds of the same issue had been paid out of the profits of the operating fund of the utility of the respondent. On motion to quash all well pleaded facts are admitted to be true. Section 69, *supra,* requires that "all profits * * * of the Light and Water Department * * * shall be turned over annually to the City Commission as Trustee of the Sinking Fund and shall be *used only* for the payment of principal and interest of the city bonds * * * sold for the purpose of acquirement or construction of said public utilities." This statute distinguishes the case at bar from State *ex rel.* Babson v. City of Sebring, 115 Fla. 176, 155 So. 669.

The motion to quash having admitted the well-pleaded facts appearing in the adternative writ, it was error on the part of the lower court, by the order assigned as error, to have sustained the motion to quash and simultaneously enter an order of dismissal. See State *ex rel.* Baldwin v. Brockett, 95 Fla. 937, 117 So. 107 State *ex rel.* Triay v. Burr, 79 Fla. 290, 84 So. 61.

The judgment appealed from is hereby reversed.

It is so ordered.

WHITFIELD, P. J., TERRELL and BUFORD, J. J., concur.

BROWN, J., disents.

Justice THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.